Alex NORVILLE, Plaintiff-Appellant,

v.

The GLOBE OIL & REFINING CO., an Illinois corporation, and Dan Terzaikis, Defendants-Appellees.

No. 13622.

United States Court of Appeals
Seventh Circuit.

May 29, 1962.

Alphonse Cerza, Chicago, Ill., for appellant.

J. Edgar Daniels, John J. O'Shaughnessy, John R. Fielding, Seibert & Daniels, Chicago, Ill., for appellees.

Before SCHNACKENBERG, KNOCH and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Alex Norville, plaintiff, appeals from a judgment order of the district court denying his motion for summary judgment, granting the motion of defendant Dan Terzaikis for summary judgment, and entering a judgment for him and The Globe Oil & Refining Co., an Illinois corporation, hereinafter referred to as "Globe".

Plaintiff's action was for treble damages and attorneys' fees for an alleged violation by defendants of § 2(c) and § 4 of the Clayton Act, § 2 having been amended by the Robinson-Patman Act. 15 U.S.C.A. §§ 13(c), 15.

The motions for summary judgment were considered on plaintiff's complaint, the answers of the defendants, answers to interrogatories, affidavits, plaintiff's deposition, and documentary exhibits, from an examination of which the following salient facts appear:

Plaintiff became the owner of a gasoline filling station in Chicago, Illinois, by purchase from defendant Terzaikis (hereinafter referred to as "defendant"), who had constructed the buildings and equipment used therein.

Prior thereto there existed a contract between defendant and Shell Oil Com-

pany for the latter's installation of pumps and tanks on said premises, which obligated defendant to buy Shell products. In this situation, defendant leased the station to plaintiff, subject to the obligation of defendant to Shell, the lease providing that plaintiff "shall purchase all gasoline to be sold upon the premises described herein, from the Shell Oil Company or from any other company that" defendant so indicated.

Because of financial assistance which defendant had received from Globe, the latter acquired a mortgage on the premises, which obligated defendant to purchase from Globe all of his requirements for gas and oil on said premises. So, after the parties had been operating under the lease for about six months, defendant directed plaintiff to switch his purchases to Globe, whereupon plaintiff ordered his gas and other products from Globe by telephoning to a man connected with a trucking firm delivering gas for defendant. Defendant arranged for the trucking company to pick up the gas and deliver it to plaintiff as required and paid the haulers for their services. When plaintiff needed gas and oil he ordered directly through defendant or by calling the latter's truckers.

At first, defendant billed plaintiff for gas and oil delivered and instructed him to make his check in payment to Globe, which was delivered to Globe and credited to defendant's account. The bills as rendered by defendant for gas showed a price fixed by defendant which was more than defendant had to pay Globe. Globe credited the surplus in payment to defendant's account with Globe. Later, by arrangement with defendant, plaintiff, upon delivery, made payment by his checks payable to Globe and delivered them to defendant's haulers for delivery to Globe.

Plaintiff never dealt with or contacted Globe and never ordered gasoline or oil from it. Globe never billed plaintiff, with which it never had any business dealings.

Various contentions by plaintiff require mention at this point. He argues that the contract between Globe and defendant is ambiguous. His counsel characterizes him as "a trusting fellow just following directions as required in the lease and [who] paid no attention to details."

While he admits that he never directly ordered his products from Globe, his counsel asserts that "he was led to believe he was doing so by the machinations of the defendants."

Plaintiff characterizes Terzaikis' conduct as "commercial bribery."

And purposefully, plaintiff refers to the payment to defendant for the service and profit to which defendant claims to be entitled, as a "rebate".

Quite aside from the contention of defendants that interstate commerce is not involved (which we do not decide), we are impressed with the argument that this matter comes "under the jurisdiction of the State Court and does not invoke the Federal Law in any way," as urged by defense counsel in the district court.

■■ Aside from the use of conventional antitrust language in describing the share of defendant Terzaikis in the transaction as a rebate, the claims advanced by plaintiff amount to overreaching, imposition and fraud in a business transaction. All this occurred in the state of Illinois, of which all the parties are citizens. Even if the products involved might have been in interstate commerce, the wrongs alleged are actionable under the law of Illinois, which has jurisdiction over all the parties. We held in Parmelee Transportation Company v. Keeshin, 7 Cir., 292 F.2d 794, at 804:

"* * * However, the use of conventional antitrust language in drafting a complaint will not extend the reach of the Sherman Act to wrongs not germane to that act, even though such wrongs be actionable under state law. We are not concerned with labels. Otherwise, an adroit antitrust lawyer might use his skill in the use of words to convert many unlawful acts into an-

titrust violations. The antitrust laws were never meant to be a panacea for all wrongs."[1]

In Parmelee, we relied on Apex Hosiery Co. v. Leader, 310 U.S. 469, 60 S.Ct. 982, 84 L.Ed. 1311; Eastern Railroad Presidents Conference v. Noerr Motor Freight, 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464, and Hunt v. Crumboch, 325 U.S. 821, 65 S.Ct. 1545, 89 L.Ed. 1954. It is, of course, immaterial that the appeal of treble damages and attorneys' fees afforded by federal law may be more attractive than the simple compensatory damages available under state law.

For this reason, we affirm the judgment order of the district court.

Judgment order affirmed.

1. Certiorari was denied, 368 U.S. 944, 82 S.Ct. 376, 7 L.Ed.2d 340.